IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN GROTH and ALAN GROTH, <br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE & CASUALTY COMPANY and JOHN DOES 1-10, <br> Defendants. | CIVIL ACTION <br><br><br><br> NO. 14-7033 |

## MEMORANDUM OPINION

The roof of Plaintiffs' house was damaged and needed to be replaced, but when they made a claim on their insurance policy with State Farm and Casualty Company ("State Farm") State Farm denied coverage. Plaintiffs, who are husband and wife, sued on a variety of theories. State Farm has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiffs' bad faith claim, which they bring pursuant to Pa. Cons. Stat. § 8371, their claim for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 71 P.S. § 201-1, *et seq.* ("CPL"), and their loss of consortium claim.

I.  **BACKGROUND**

Plaintiffs, Joan and Alan Groth, put a new roof on their house 13 years ago. Compl. ¶ 7. Since the new roof was installed, although they often went to the attic, *id.* ¶ 10, they never saw any water problems until, on or about February 4, 2014, when they noticed a watermark on the wall of their upstairs hallway bathroom in their home. *Id.* ¶ 8. The Groths then looked in their attic and discovered the entire front of the house was saturated and black. *Id.* ¶¶ 9, 11. Multiple roofers inspected the damage and all said that the house needed a new roof. *Id.* ¶ 12. Plaintiffs, through their insurance policy, made a claim against State Farm. *Id.* ¶ 13. After inspection, a State Farm agent told the Groths that the damage was not covered due to "ongoing damage and

neglect" of their roof. *Id*. ¶¶ 13, 15.  The Groths appealed this decision, and State Farm again sent out two agents to inspect the damage to the home. *Id*. ¶ 16.  Although State Farm had told the Groths to bring their own roofer, State Farm agents would not allow the roofer to say anything during the inspection. *Id*. ¶ 17.  Following the second inspection, State Farm's employees told the Groths that "improper installation of Plaintiffs' roof allowed for exposure to the elements which resulted in rot, deterioration and mold." *Id*. ¶ 17.  The Groths believe that the State Farm agent "had already made up her mind before she arrived." *Id*. ¶¶ 15, 17.  They also dispute the presence of mold and argue that "simple observation" of the house showed that their roof had "rapidly deteriorated" rather than suffering long term exposure to the elements as State Farm contends. *Id*. ¶¶ 18-19.  The Groths allege that they spent approximately $20,000 to repair their home and that State Farm has refused to pay their claim even though it is covered under the insurance policy. *Id*. ¶¶ 22, 26.

    II      ANALSYSIS

        A.     Rule 12(b)(6) Motion Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "'[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,

615 F.3d 159, 177 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). "In light of *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of [the proscribed conduct].'" *Id.* (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "In other words, 'there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation.'" *Id.* (quoting *Phillips*, 515 F.3d at 234-35). That showing cannot be made through conclusions, but requires well-pled factual allegations. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B.   *Count I (Bad Faith)*

Plaintiffs contend that State Farm acted in bad faith in a number of ways: in the manner in which it investigated the damage, by acting in State Farm's interest to the detriment of the Plaintiffs, by improperly construing the insurance policy and by not paying on the claim. Compl. ¶ 30. The Court accepts as true for the purposes of this motion to dismiss the following. One of State's Farms agents initially stopped removal of drywall and when he relented found further damage. *Id*. ¶ 14-15. That agent, claiming he was an expert—although Plaintiffs imply that he was not—concluded that the roof was not covered because of ongoing damage and neglect. *Id*. ¶¶ 14-15. State Farm instructed Plaintiffs to bring their own roofer to an inspection but then would not allow their roofer to talk. At that same inspection, a State Farm agent concluded that the damage was not covered because improper installation of the roof had resulted in rot, deterioration and mold—but State Farm never did any cultures or tests to check for mold. *Id*. ¶¶ 17-19. Other allegations, disagreeing with State Farm's conclusion that the damage to the roof was caused by long term exposure to the elements because the roof had been installed improperly, pronounce that "a simple observation clearly showed that the entire roof rapidly deteriorated in appearance." *Id*. ¶¶ 17-19. Still more allegations summarily conclude that the

claim is "covered under the policy" and that State Farm "has not provided any reasonable justification for refusing to pay the claim. *Id.* ¶ 26. These allegations, to the extent that they do not simply state legal conclusions (which many of them do) do not contain facts suggestive of proscribed bad faith.

Bad faith in the insurance context is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." *Polselli v. Nationwide Mut. Fire. Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). There are no concrete facts alleged in the Complaint to show that State Farm's investigating or declining to pay the claim were frivolous or unfounded or that its actions were dishonest or motivated by self-interested or ill will. In short, in its First Amended Complaint, Plaintiffs have not pleaded sufficient facts to plausibly state that State Farm did not have a reasonable basis for denying benefits under the policy and that it knew of or recklessly disregarded its lack of a reasonable basis in denying the claim. *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). *See also Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 505-06 (3d Cir. 2004); *Klinger v. State Farm Mut. Ins. Co.*, 115 F.3d 230, 233-34 (3d Cir. 1997); *Dinner v. United*

*Servs. Auto Ass'n Cas. Ins. Co.*, 29 F. App'x. 823, 827-28 (3d Cir. 2002).[1]  Accordingly, their bad faith claim will be dismissed.

### C    Count III (CPL)

Count Three of Plaintiffs' Amended Complaint is premised on the same allegations set forth above but focuses in on State Farm's refusal to provide coverage, which Plaintiffs alleged is an unfair or deceptive practice under the CPL.  State Farm seeks dismissal of this count on the ground that it fails adequately to plead a cause of action for violation of that statute.  It is correct.  An alleged violation of the CPL by an insurer cannot be based solely on the insurer's decision to deny coverage; some affirmative act of misfeasance is required.  *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995); *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. Ct. 1988).  To plead a valid claim for a violation of the CPL, a plaintiff must plead three elements:

> First, a plaintiff must allege facts showing a deceptive act, that is conduct likely to deceive a consumer acting reasonably under similar circumstances.  Next, the plaintiff must allege justifiable reliance, in other words that he justifiably bought the product or engaged in some other detrimental activity because of the defendant's misrepresentation or deceptive conduct.  Finally, the plaintiff must allege that this justifiable reliance caused some ascertainable loss.

*Montanez v. HSBC Mort. Corp.*, 876 F. Supp. 2d 504, 519 (E.D. Pa. 2012) (quoting *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2010)).

---

[1] The Groths filed their current First Amended Complaint in response to State Farm's motion to dismiss their initial complaint.  State Farm's previous motion raised the same substantive arguments for dismissal that it now raises again on the present motion to dismiss the First Amended Complaint.  State Farm's previous motion cited extensive case-law alerting the Groths to the legal deficiencies of their claims.  *See Kranz v. Prudential Investments Fund Mgmt., LLC,* 305 F.3d 140, 144-45 (3d Cir, 2002) (a motion to dismiss raising the deficiencies of a complaint is sufficient to put a plaintiff on such notice).  Nevertheless, when the Groths filed their First Amended Complaint, it was virtually identical to their initial complaint, with only a very few minor changes, none of which added anything of substance.  The changes were so limited that the Groths could not reasonably have believed that they would address any of the deficiencies State Farm had identified.  Because the Groths were put on notice of the deficiencies of their complaint, chose to amend, but then failed to address any of those deficiencies or even to make any material changes whatsoever in their First Amended Complaint, a second opportunity to amend would be futile.  Accordingly, the Groth's request for another opportunity to amend their complaint in response to the deficiencies raised in State Farm's current motion to dismiss will be denied.

The Groths' complaint does not satisfy these requirements. Even assuming, for the sake of argument, that all the statements by State Farm personnel that the Groths recount actually were deceptive,[2] the Groths have not alleged that they relied on those statements in any way. The Groths did not give in to the agent's initial resistance to the removal of drywall, but had the drywall removed thus revealing the more extensive damage. Compl. ¶¶ 14-15. They did not accept the State Farm agent's initial evaluation based on her claim that she was an expert. *Id*. ¶ 15. Nor did they concede that the damage to their roof was caused by long-term exposure to the elements due to improper installation of their roof as State Farm's agents contended, *id*. ¶ 17, 19, but, instead, hired their own roofers and reached the opposite conclusion. *Id*. ¶¶ 18, 19, 21. They repaired the roof at their own expense and now seek to recover from State Farm under their homeowner's policy. *Id*. ¶¶ 22, 26, 34. The allegations of the Complaint show that Plaintiffs challenged State Farm's investigation and conclusions every step of the way and at no point did they rely on any act or conduct of State Farm. Accordingly, their CPL claim will be dismissed. *Hunt v. U.S. Tobacco Co.*, 538 F.2d 217, 224 (3d Cir. 2008) (plaintiff must plead reasonable reliance to state a claim under CPL); *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202-03 (Pa. 2007) (same).

### D. Count IV *(Loss of Consortium)*

Count IV of the Amended Complaint seeks to recover for loss of consortium. A loss of consortium claim arises from the marriage relationship and is grounded in the loss of a spouse's services after injury. *Schmoltze v. County of Berks,* No. 99-1069, 2000 WL 62600, *9 (E.D. Pa. Jan. 14, 2000). The losses arise from the deprivation of the spouse's society, companionship and consortium after injury. *Boarts v. McCord*, 511 A.2d 204, 209 (Pa. Super. Ct. 1986). While the

---

[2] The Groths plead that some of the statements are false, they do not allege an intent to deceive or that a reasonable plaintiff would have been likely to be deceived.

Complaint does states that the Plaintiffs are married, Compl. ¶ 3, there are no allegations whatsoever supporting an inference that either of them was personally injured by State Farm's actions. That alone renders their loss of consortium claim untenable. *Schmoltze*, 2000 WL 62600, at *9 (loss of consortium "derives solely from the injured spouse's right to recover in tort."); *Boarts*, 511 A.2d at 209 (same). Therefore, their claim for loss of consortium will also be dismissed.

      An appropriate Order follows.

Date:  April 17, 2015

                                    **BY THE COURT:**

                                    **/S/WENDY BEETLESTONE, J.**

                                    _____

                                    **WENDY BEETLESTONE, J.**